J-A20022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LISA KESSELMAN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| LYNN N. KESSELMAN | |
| | No. 146 MDA 2017 |

Appeal from the Order Entered December 6, 2016
In the Court of Common Pleas of Luzerne County
Civil Division at No(s): 5791 of 2013

BEFORE:  GANTMAN, P.J., PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 11, 2017**

Appellant, Lisa Kesselman, appeals from the divorce decree entered December 6, 2016, in the Luzerne County Court of Common Pleas. We quash.

Appellant and Appellee, Lynn N. Kesselman, were married on December 20, 1986. Appellant filed a complaint in divorce on May 13, 2013, seeking alimony, alimony pendent lite ("APL"), and equitable distribution. The court appointed Biagio V. Musto, II, Esquire, as a special master to make recommendations on the claims for divorce and equitable distribution. Following a series of hearings, Master Musto filed his Report and Recommendation with the court. Appellee filed exceptions. The trial court ruled on Appellee's exceptions, remanding the matter back to Master Musto

to recalculate certain numerical figures and draft a final proposed order outlining the trial court's findings.

On December 6, 2016, after receiving the proposed order from the Master, the trial court filed a divorce decree, which divorced the parties under § 3301(d) of the Divorce Code and finalized the economic issues raised in Appellant's divorce petition. Appellant filed exceptions to the trial court's decree on December 20, 2016, and then filed a motion to reconsider the following day. Appellant filed an appeal from the December 6, 2016 divorce decree on January 18, 2017.

As a preliminary matter, we must address Appellee's request, filed *via* a "Motion to Quash Appeal as Untimely Pursuant to Pa.R.A.P. 903 and Appellee's Request for Sanctions Pursuant to Pa.R.A.P. 2744,"[1] requesting, in part, the dismissal of Appellant's claims based upon her failure to file a timely appeal. **See also** Appellee's Brief, at 4-7.

The question of timeliness of an appeal is a jurisdictional issue, as an untimely appeal divests this Court of jurisdiction to hear the merits of the case. **See Sass v. Amtrust Bank**, 74 A.3d 1054, 1063 (Pa. Super. 2013). Further, this Court will not deem a facially untimely appeal to be timely "except under the narrowest of circumstances in which counsel for the

---

[1] A motions panel of this Court entered an order deferring this motion for the disposition of the merits panel. **See** Order, filed 3/23/17.

- 2 -

offending party can establish either a breakdown in the operations of the judicial support system or extenuating circumstances that rendered h[er] incapable of filing the necessary notice." *Id*.

Pennsylvania law provides that parties in domestic relations matters, including divorce proceedings, are not permitted to file post-trial motions. *See* Pa.R.C.P. 1920.52(a)-(b); Pa.R.C.P. 1930.2(a). Therefore, a party's notice of appeal must be filed within 30 days of the entry of a domestic relations order. *See* Pa.R.A.P. 903(a).

Here, the order in question was entered on December 6, 2016. Therefore, an appeal should have been filed by January 5, 2017 in order to be considered timely. But Appellant did not file her notice of appeal until January 18, 2017. The appeal is blatantly untimely unless Appellant can show "either a breakdown in the operations of the judicial support system or extenuating circumstances that rendered h[er] incapable of filing the necessary notice." *Sass*, 74 A.3d at 1063.

Appellant attempts to do just that by asserting that the trial court failed to provide her with a copy of the divorce decree, which delayed her discovery of the decree until December 20, 2016. The notice on the trial court docket, *see* Pa.R.C.P. 236(b), indicates the Prothonotary mailed the decree to the parties on December 7, 2016. Despite that, even if we accept Appellant's *allegation* that the judicial support system somehow broke down and prevented Appellant from learning of the decree until December 20, 2016, that still left *sixteen* days in which Appellant could have filed a timely

notice of appeal. Appellant failed to do so. Instead, Appellant filed a notice of appeal from the divorce decree on January 18, 2017—*thirteen days after* the appeal period lapsed. Given this, we cannot find that a breakdown of the judicial system or extenuating circumstances prevented Appellant from filing a timely notice of appeal.

Accordingly, we are without jurisdiction to address Appellant's claims and agree with Appellee that the appeal must be quashed. We deny Appellee's Request for Sanctions Pursuant to Pa.R.A.P. 2744.

Appeal quashed. Motion granted in part and denied in part.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/11/2017</u>